UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
Miami Division

RUBEN ORTIZ
    Plaintiff,

vs.

CITY OF MIAMI, a Municipal Corporation
in Dade County, State of Florida; OFFICER
AQUILES CARMONA, an individual.
    Defendants.
_____/

00- 3533

Case No.: 00-
FBN: 0780715

## INITIAL COMPLAINT

COMES NOW Plaintiff, Mr. Ruben Ortiz, (hereinafter referred to as "Ortiz"), by and through his undersigned counsel and files this COMPLAINT, sues Defendants, City of Miami, a municipal Corporation (hereinafter referred to as "City of Miami") and Officer Aquiles Carmona (hereinafter referred to as "Carmona"), and states as follows:

## GENERAL ALLEGATIONS

This is a civil action pursuant to 42 U.S.C. section 1983 seeking damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States. Pursuant to this statute it is alleged that Defendants: made an unreasonable search and seizure of Plaintiff by unlawfully shooting Plaintiff, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the Untied States. Plaintiff also brings related pendant claims pursuant to State law: Battery alleged against the Defendants.

SCANNED

## Jurisdiction

1. This action is brought pursuant to the provisions of 42 U.S.C. sections 1983 and 1988. Jurisdiction is based upon the provisions of 28 U.S.C. sections 1331, 1343 as well as the supplemental jurisdiction of this Court as codified in 28 U.S.C. section 1367. All the acts complained of occurred in Dade County, Florida, making venue in the Southern District of Florida, Miami Division, proper. All conditions precedent to the institution of this action have been satisfied or have been waived.

## PARTIES

2. Plaintiff, Mr. Ruben Ortiz, is and was at all times material a resident of Dade County, Florida and a citizen of the Untied States.

3. Defendant, City of Miami, is a municipality existing pursuant to Florida law and a political subdivision of the State of Florida. The Defendant, City of Miami, maintained and operated a police department known as the City of Miami Police Department for which the individual Defendants, at all times material, were employed.

4. Defendant, Carmona, is and was at all times material, an officer with the City of Miami Police Department.

5. At all times material all Defendants, except as set forth below, were acting within the scope of their respective employment and pursuant to the laws, customs, ordinances, policies and practices of the City of Miami Police Department. All Defendants, except as set forth below, were acting at all times material under color of State Law.

6. The Plaintiff, Mr. Ruben Ortiz, is suing the City of Miami in its official capacity, and the individual Officers in their individual capacities as set forth more specifically in each count of the Complaint.

## FACTS

7. On February 28, 1999, at approximately 6:00 pm. Plaintiff, Mr. Ruben Oritz, was attending a festival for Dominican independence at Bayside Marketplace in Miami. At this time and place Defendant, City of Miami, and their employees, including, Defendant, Carmona, were working as police officers at Bayside Market place.

8. At this time Defendant, Carmona, without legal justification (according to Carmona's admission) requested Plaintiff, Mr. Ruben Ortiz, to stop and give to his wife the keys to her car.

9. When Defendant, Mr. Ruben Ortiz, refused this unlawful command by throwing the keys in the bushes, Defendant, Carmona, pursued Mr. Ortiz by pepper spraying him, chasing him, battering him about his body with an ASP (including hitting him in the back of the head with the ASP) and then shooting him with his gun.

10. Defendants, City of Miami and Defendant, Carmona, effectuated the stop of Mr. Ortiz with such force, by using a gun and other foreign objects that they caused Mr. Ortiz's (right) femur to be shattered, his hip displaced and a six inch laceration to occur on the back side of his head.

11. All of these actions and/or omissions of Defendants caused Mr. Ortiz to suffer permanent bone, nerve, cosmetic and mental health injury.

09/18/00
Initial Complaint

12. At no time prior to being shot by Defendant, Carmona, did Plaintiff, Mr. Ruben Oritz, provoke officer Carmona or give him a reason to believe that he was in danger or that the Plaintiff was in any way threatening him or even capable of offering any corporal force whatsoever. This officer had absolutely no statutory, moral, legal or other justification for the use of any force in effecting the arrest.

13. According to fellow-officer, Carlos Valdez, independent witnesses: Alejandro Cano; Karina Quiros; Luis and Oscar Fernandez, and Eloy Valdez, Mr. Ortiz never hit Officer Carmona nor offered an immediate threat to Officer Carmona prior to Officer Carmona using deadly force on Mr. Ortiz.

14. Defendant, Mr. Ruben Ortiz, was then arrested for Aggravated Battery on a police officer, Resisting an Officer With Violence and Possession of Marijuana.

15. The arrest and apprehension of Plaintiff, Mr. Ruben Ortiz, for these offenses (paragraph 14) was completely pretextual, used to justify the unlawful shooting of Mr. Ortiz by officer Carmona. The underlying charges of Resisting an officer with violence, aggravated battery on a police officer and possession of marijuana were dropped on September 18, 2000.

16. Pursuant to Florida Statute Section 768.28, Plaintiff, Mr. Ruben Ortiz, caused to be delivered to the Mayor of Miami, Joe Carollo, a written claim for injuries suffered at the hands of City of Miami. (see attached exhibit "A"). Such letter was received by the Mayor's office on or about March 10, 1999. (see attached Exhibit "A").

17. Pursuant to Florida Statute Section, 768.28, Plaintiff, Mr. Ruben Ortiz, caused to be

delivered to the State Department of Insurance, Tom Gallagher, a written claim for injuries suffered. (see attached exhibit "B"). Such letter was received by the State Department of insurance on March 5, 1999. (see attached exhibit "B").

18. Over six (6) months have passed since this submission of such claim by Plaintiff, Mr. Ruben Ortiz, but each above quoted state agency has failed to dispose of such claim.

19. The City of Miami has specifically waived its sovereign immunity pursuant to Florida Statute Section 768.28.

## COUNT I

### Section 1983 Liability: Individual Capacity brought by Ruben Ortiz against Officer Carmona

COMES NOW, Plaintiff, Mr. Ruben Ortiz, and sues Defendant, Officer Carmona, for section 42 U.S.C. 1983 violations and allege as follows:

20. Plaintiff realleges paragraphs one (1) through nineteen (19) as if fully set forth herein.

21. The actions of Defendant, Carmona, whereby he, intentionally, and with malice, and/or deliberate indifference and callous disregard of Plaintiff's rights, brutally beat, battered and shot Plaintiff, Mr. Ruben Ortiz, deprived Plaintiff of his right to Due Process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and of his right to be free of unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. 1983.

Wherefore, Plaintiff, Mr. Ruben Ortiz, prays this Court enter Judgment for all damages, compensatory and punitive, award attorney's fees and costs pursuant to the provisions of 42 U.S.C. section 1988 against the Defendant, Carmona and demands a trial by jury on all issues so trialable as of right.

## COUNT II

### Section 1983 Liability:Official Capacity against City of Miami by Ruben Ortiz

COMES NOW, Plaintiff, Mr. Ruben Ortiz, and sues the City of Miami for section 42 U.S.C. 1983 violations and allege as follows:

22. Plaintiff re-alleges paragraphs one (1) through nineteen (19) of the Complaint as if fully set forth herein.

23. Acting under color of law, the City of Miami and the City of Miami Police Department has engaged in a long standing custom, policy, and practice of permitting its officers to: (1) unlawfully and maliciously harass a citizen who is acting in accordance with his constitutional and statutory rights, privileges, and immunities; and (2) unlawfully and maliciously assault and beat a citizen or to otherwise use unreasonable and excessive force before, during, or after making of an arrest, whether the arrest was lawful or unlawful.

24. The actions of Defendant, City of Miami, through its employee, officer Carmona, whereby he, intentionally, and with malice, and/or deliberate indifference and callous disregard of Plaintiff's rights, brutally beat, battered and shot Plaintiff, Mr. Ruben Ortiz, deprived Plaintiff of his right to Due Process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and of his right to be free

of unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. 1983.

25. Defendant, City of Miami, through the Police Department, had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs complained of, as therefore alleged, would be committed. Defendant, City of Miami, through the Police Department, had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so.

26. It was this custom, policy, and practice of the City of Miami and the City of Miami Police Department which directly led to the unlawful abuse, violation of Civil Rights and outrageous conduct visited upon the Plaintiff, Mr. Ruben Ortiz, in this action.

27. It is the ratification and continuing ratification of the actions of Officers such as Defendant, Carmona, by the City of Miami in this action which directly led to the beating, abuse, violation of the Civil Rights and outrageous conduct visited upon Plaintiff, Mr. Ruben Ortiz.

28. The Plaintiff, Mr. Ruben Ortiz, as well as all other citizens of the City of Miami, are entitled to equal protection of the laws, due process of law and to be free from abuses, unlawful arrests and illegal searches and seizures pursuant to the Fifth, Fourth and Fourteenth Amendments of the Constitution of the United States as protected under 42 U.S.C. section 1983. Yet, the City of Miami and the City of Miami Police Department have long ratified, condoned, and in fact under various circumstances even encouraged the

type of Constitutional violations visited upon the Plaintiff, Mr. Oritz, by Defendant, Carmona, of the City of Miami police department.

29. As a direct and proximate cause of the acts of Defendants, Carmona and City of Miami, Plaintiff, Mr. Ruben Ortiz, suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the Untied States and protected by 42 U.S.C. section 1983.

Wherefore, Plaintiff, Mr. Ruben Ortiz, prays this Court enter Judgment against the Defendant, City of Miami, in its official capacity, for a violation of section 1983, costs, as well as attorney's fees pursuant to provisions of section 1988 and demands a trail by jury of all issues so trialable as of right by jury.

## COUNT III
### Battery brought by Ruben Ortiz against City of Miami

COMES NOW, Plaintiff, Mr. Ruben Ortiz, and sues Defendant, City of Miami, for Battery and alleges as follows:

30. Plaintiff re-alleges paragraphs one (1) through nineteen (19) as if fully set forth herein.

31. On February 28, 1999, while acting within the course and scope of his employment as an officer of the City of Miami, Defendant, Carmona, individually, did, without consent, cause, provocation, encouragement, or inducement by Plaintiff, Mr. Ruben Ortiz, intentionally lay his hands and/or other objects upon the Plaintiff's person against Plaintiff's

will during the process of effectuating the apprehension of Mr. Ortiz when he violently beat and shot Mr. Ortiz.

32. That as a direct and proximate result of said assault, Plaintiff, Mr. Ruben Ortiz, was seriously injured in and about his body and extremities, suffered pain and mental anguish, loss of capacity to enjoy life therefrom and incurred medical expenses in the treatment of this injuries. The injuries are either permanent and/or continuing in nature and Plaintiff will suffer losses and impairment in the future.

Wherefore, Plaintiff, Mr. Ruben Ortiz, demands judgment for damages against Defendant, City of Miami, and demands a trial by jury of all issues triable as of right by jury.

## COUNT IV:
### Battery brought by Ruben Ortiz against Officer Carmona

COMES NOW, Plaintiff, Mr. Ruben Oritz, and sues Defendant, Carmona, for Battery and alleges as follows:

33. Plaintiff re-alleges paragraphs one (1) through nineteen (19) as if fully set forth herein.

34. That on or about February 28, 1999, Officer Carmona, without consent, cause, provocation, encouragement, or inducement by Plaintiff, Mr. Ruben Ortiz, violently and forcibly laid his hands and/or other object upon the Plaintiff's person against Plaintiff's will when he violently beat and shot Mr. Ortiz. This act was done intentionally, wantonly, willfully and maliciously and was excessive under the circumstances. The Defendant, Carmona, was not acting within the course and scope of his employment with the City of Miami when he committed this battery upon Plaintiff, Mr. Ruben Ortiz.

35. That as a direct and proximate result of said assault, Plaintiff, Mr. Ruben Ortiz, was seriously injured in and about his body and extremities, suffered pain and mental anguish, loss of capacity to enjoy life therefrom and incurred medical expenses in the treatment of the injuries. The injuries are either permanent and/or continuing in nature and Plaintiff will suffer losses and impairment in the future.

36. Plaintiff reserves the right to amend this Complaint for damages to include a claim for punitive damages after a proffer has been made and approved by this Honorable Court pursuant to Fla. Stat. section 768.72

WHEREFORE, Plaintiff, Mr. Ruben Ortiz, demands judgment for damages against Defendant, Carmona, and demands a trial by jury of all issues triable as of right by jury.

Respectfully Submitted,
Law Offices of Joseph S. Shook, Esq.
and Associates,

BY: _____
Joseph S. Shook, Esq.
75 Valencia Ave,
#4th Floor
Coral Gables Fl, 33134
Phone (305) 446-4177

09/18/00
Initial Complaint

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
## Miami Division

RUBEN ORTIZ
    Plaintiff,

vs.

CITY OF MIAMI, a Municipal Corporation in Dade County, State of Florida; OFFICER AQUILES CARMONA, an individual.
    Defendants.
_____/

Case No.: 00-
FBN: 0780715

## EXHIBIT "A"

1. March 3, 1999 letter to City of Miami with return receipt.

Z 042 960 394

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

| | |
|---|---|
| Sent to | State Dept. Ins. |
| Street & Number | 3500 Pan American Dr. |
| Post Office, State, & ZIP Code | Miami Fl 33133 |
| Postage | $ .33 |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | 2.45 |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ 2.78 |
| Postmark or Date | 3/3/99 |

PS Form **3800**, April 1995

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "*Return Receipt Requested*" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:
State Dept. Insurance
Insurance Commissioner
The Capitol
Tallahassee Fl 32399-0300

4a. Article Number
Z 042 960 394

4b. Service Type
☐ Registered ☒ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery
MAR 05 1999

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

**RETURN ADDRESS completed on the reverse side?**

09/18/00
Initial Complaint

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
**Miami Division**

RUBEN ORTIZ
       Plaintiff,

vs.

CITY OF MIAMI, a Municipal Corporation
in Dade County, State of Florida; OFFICER
AQUILES CARMONA, an individual.
       Defendants.
_____/

Case No.: 00-
FBN: 0780715

## EXHIBIT "B"

1. March 3, 1999 letter to State Dept. of Insurance with return receipt.

LAW OFFICES

# JOSEPH S. SHOOK

SUITE 502 PONCE DE LEON PLAZA
201 ALHAMBRA CIRCLE
CORAL GABLES, FLORIDA 33134

TELEPHONE 446-4177
AREA CODE (305)

APPELLATE DESIGNATED
PENNSYLVANIA STATE BAR

March 3, 1999

State Department of Insurance
Att.: Insurance Commissioner
The Capitol,
Tallahassee FL, 32399-0300
(904)922-3100

**CERTIFIED/ RETURN RECEIPT**

**Re: Notice of Claim by Mr. Ruben Ortiz against the City of Miami and its agents: Police officers of the City of Miami, for damages for a 42 USC 1983 violation, negligence and assault/battery pursuant to Florida Statute section 768.28(6)(a).**

Dear Commissioner:

This office represents Mr. Ruben Ortiz relative to injuries he sustained as a result of the actions and omissions of the City of Miami, FL and its agents: Police Officers of the City of Miami. These actions and omissions of the City of Miami and the officers are in violation of 42 USC 1983 and represent actions constituting assault/battery and negligence.

On February 28, 1999, Mr. Ortiz was harassed, threatened, battered, wrongfully deprived of his liberty and shot with a gun by the Police Officer of the City of Miami, A. Carmona. This unlawful action by the City of Miami FL and its agents was accomplished without any justification for the force used and without any fear on the officer's part that his life was in immediate jeopardy. The City of Miami, through their agent's abuse of authority, caused Mr. Ortiz to suffer permanent injury and experience extreme physical and mental pain and anguish. Mr. Ortiz was beaten and shot with a gun by the officer leaving him with serious neurological and orthopedic damage from the vicious attack. He is limited in his movement and suffers extreme pain to this date from this brutality.

We hereby make a demand for full compensation under the law for all injuries suffered by Mr. Ortiz for this brutal assault.

Sincerely,

Joseph S. Shook, Esq.
J.S.S.:a.a.:

LAW OFFICES

# JOSEPH S. SHOOK

SUITE 502 PONCE DE LEON PLAZA
201 ALHAMBRA CIRCLE
CORAL GABLES, FLORIDA 33134

TELEPHONE 446-4177
AREA CODE (305)

APPELLATE DESIGNATED
PENNSYLVANIA STATE BAR

March 3, 1999

The City of Miami
Mayor Joe Corrollo
3500 Pan American Drive
Miami FL, 33133

**CERTIFIED/RETURN RECEIPT**
**Re: Notice of Claim by Mr. Ruben Ortiz, against the City of Miami, and its agents: The City of Miami Police Officers for damages for a 42 USC section 1983 violation, assault/battery, and negligence, pursuant to Florida Statute section 768.28 (6)(a).**

Dear Mayor:

This office represents Mr. Ruben Ortiz relative to injuries he sustained as a result of the actions and omissions of the City of Miami, Florida and its agents: Police officers of the City of Miami, Florida. These actions and omissions of the City of Miami and its officers are in violation of 42 USC 1983 and represent actions constituting assault/battery and negligence.

On February 28, 1999, Mr. Ruben Ortiz was battered, accosted, harassed, threatened, deprived of his liberty and shot with a gun by the Police Officer of the City of Miami, A. Carmona. This unlawful action by the City of Miami and its agents was accomplished without any justification for the force used and without any fear on the officer's part that his life was in immediate jeopardy. The City of Miami, through their agent's abuse of authority, caused Mr. Oritz to suffer permanent injury and experience extreme physical and mental pain and anguish. Mr. Ortiz was beaten and shot with a gun by the officer leaving him with serious neurological and orthopedic damage from the vicious attack. He is limited in his movement and suffers extreme pain to this date from this brutality.

We hereby make a demand for full compensation under the law for all injuries suffered by Mr. Ortiz for this brutal assault.

Sincerely,

Joseph S. Shook, Esq.
J.S.S.:a.a.:

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Z 042 960 395

| | |
|---|---|
| Sent to | City of Miami |
| Street & Number | 3500 Pan American |
| Post Office, State, & ZIP Code | Miami FL 33 |
| Postage | $ 2.15 |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | 57 |
| TOTAL Postage & Fees | $ 2.72 |
| Postmark or Date | 3/3/99 |

PS Form 3800, April 1995

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
City of Miami,
Major Joe Carollo
3500 Pan American Dr
Miami, Fl. 33133

4a. Article Number
Z 042 960 395

4b. Service Type
☒ Certified
☐ Registered
☐ Express Mail
☐ Return Receipt for Merchandise
☐ Insured
☐ COD

7. Date of Delivery
3/10/99

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994    102595-97-B-0179    Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

# CIVIL COVER SHEET  00-3533

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Ruben Ortiz,

**DEFENDANTS**
City of Miami and Aquiles Carmona

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-Dade 00-3533 CV ASG (Smortu)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Joseph S. Shook, Esq.
75 Valencia Ave., #4th Floor, Coral Gables
FL, 33134   Phone (305) 446-4177

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 USCA 1983, Civil Rights violations for excessive force in a shooting by City of Miami Police.

**IVa.** 5-8 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  |  | B PRISONER PETITIONS |  |  |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☐ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A ☐ CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): None
JUDGE _____  DOCKET NUMBER _____

DATE 9/18/00
SIGNATURE OF ATTORNEY OF RECORD _____

UNITED STATES DISTRICT COURT
S.F 1-2

FOR OFFICE USE ONLY: Receipt No. _____   Amount: _____

MIFP X