UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 00-3533-CIV-GOLD**

RUBEN ORTIZ,

     Plaintiff,

       vs.

CITY OF MIAMI
AQUILES CARMONA,
LATIN MUSIC PRODUCTIONS, INC.,
and LUIS J. PEREZ,

     Defendants.

_____/

**JURY INSTRUCTIONS**



FILED by _____ D.C.
DKTG

MAR 2 2 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**COURT'S INSTRUCTIONS TO THE JURY**

**Members of the Jury:**

     **I will now explain to you the rules of law that you must follow and apply in deciding this case.**

     **When I have finished you will go to the jury room and begin your discussions----what we call your deliberations.**

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instructions No. 1 (2000).



## CONSIDERATION OF THE EVIDENCE
## DUTY TO FOLLOW INSTRUCTIONS

### (Governmental Entity Or Agency Involved)

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.

In your deliberations, you should consider only the evidence --- that is, the testimony of the witnesses and the exhibits I have admitted in the record --- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

---

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instructions No. 2.3 (2000).

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
CASE NO. 00-2533-CIV-GOLD

### CREDIBILITY OF WITNESSES

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the person impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

---

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instructions No. 3 (2000).

## IMPEACHMENT OF WITNESSES

### (Inconsistent Statement)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, or course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

---

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 4.1 (2000).

## Burden Of Proof
## When There Are Multiple Claims Or
## When both Plaintiff And Defendant Or
## Third Parties Have Burden of Proof

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

Where more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

---

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 6.2 (2000).

Court's Instruction No. ____

## BATTERY
### - INTRODUCTORY INSTRUCTION -

Plaintiff, RUBEN ORTIZ, claims that Defendant, CITY OF MIAMI, through its Police Officer AQUILES CARMONA, committed a battery on him on February 28, 1999. Plaintiff claims that as a result of this battery, he suffered injuries and damages. Plaintiff seeks to recover compensation for that injury and damages.

_____

Florida Forms of Jury Instruction, Matthew Bender (11/98), § 62.20

Court's Instruction No. ___

## "BATTERY" DEFINED

A battery is an intentional infliction of harmful or offensive contact on the person of another.

---

Florida Forms of Jury Instruction, Matthew Bender (11/98), § 62.21

Court's Instruction No. ___

## ELEMENTS OF BATTERY

In order to find that Defendant, **AQUILES CARMONA**, committed a battery, you must find that Plaintiff, **RUBEN ORTIZ**, has shown by the greater weight of the evidence that:

(1)    AQUILES CARMONA intended to touch RUBEN ORTIZ' person;

(2)    AQUILES CARMONA actually touched RUBEN ORTIZ;

(3)    The contact was harmful or offensive;

(4)    The contact directly or indirectly caused an injury to RUBEN ORTIZ; and

(5)    The above actions were not privileged as explained in the next instruction.

Florida Forms of Jury Instruction, Matthew Bender (11/98), § 62.22

Court's Instruction No. ___

## PRIVILEGE OF LAW ENFORCEMENT OFFICER

The justifiable use of force by a police officer in arresting a *criminal suspect* is a complete defense to an allegation of battery by a law enforcement officer.

Therefore, you must find AQUILES CARMONA not liable for battery if you find that:

(1)  AQUILES CARMONA was a law enforcement officer at the time of the arrest.

(2)  The arrest was lawful; and

(3)  The force was used because the officer reasonably believed that it was necessary *to defend himself or to effectuate the arrest.*

Florida Forms of Jury Instruction, Matthew Bender (11/98), § 62.80 (modified)

Court's Instruction No. ____

## EXCESSIVE FORCE BY LAW ENFORCEMENT OFFICER

The force that may be used by a law enforcement officer when effecting an arrest is that force which an ordinary, prudent, and intelligent person, with the knowledge and in the situation of the arresting officer, would have deemed necessary under the circumstances.

Therefore, AQUILES CARMONA, a law enforcement officer, is liable for a battery committed against Plaintiff by the use of excessive force if Plaintiff shows, by the greater weight of the evidence, that Defendant used force that exceeded that which he reasonably believed to be necessary to defend himself while making the arrest, or which appeared reasonably necessary under the circumstances to effectuate the arrest.

Florida Forms of Jury Instruction, Matthew Bender (11/98), § 62.81 (modified)

**Court's Instruction No. ___**

**OFFICER NEED NOT RETREAT**

A law enforcement officer need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest.

Section 776.05, F.S. (2003)

Court's Instruction No. ___

EFFECT OF RESISTING ARREST

The use of force in resisting arrest by a person reasonably known to be a law enforcement officer is unlawful. Therefore, if you find that Plaintiff used force in resisting arrest by AQUILES CARMONA, then you must find that AQUILES CARMONA was privileged to use the amount of force reasonably necessary to accomplish the arrest.

Florida Forms of Jury Instruction, Matthew Bender (11/98), § 62.82 (modified)

Court's Instruction No. ___

## COMMISSION OR ATTEMPTED COMMISSION OF "FORCIBLE FELONY"

That RUBEN ORTIZ sustained injury during the commission or attempted commission of a forcible felony is a complete defense to an allegation of battery by a law enforcement officer.

A "forcible felony" means aggravated assault, aggravated battery, and any other felony which involves the use or threat of physical force or violence against any individual.

Therefore, you must find no liability for battery if you find that:

(1)     RUBEN ORTIZ was injured during the commission or attempted commission of a forcible felony.

_____

Florida Statute Sections 776.08 & 776.085 (2000)

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
CASE NO. 00-2533-CIV-GOLD

Court's Instruction No. ____

VICARIOUS LIABILITY

- EMPLOYER LIABLE FOR EMPLOYEE'S BATTERY -

An employer is liable for a battery committed by an officer, agent or employee who is acting within the scope of his or her agency or employment.

In this case, the parties have stipulated or agreed that AQUILES CARMONA was an officer, agent or employee of the CITY OF MIAMI and was acting within the scope of his or her agency or employment, and you should, therefore, accept that fact as proven.

Florida Forms of Jury Instruction, Matthew Bender (11/98), § 62.40 (modified)

Court's Instruction No. ___

**Civil Rights
42 USC § 1983 Claims
Fourth Amendment Claim
Citizen Alleging
Excessive Use of Force**

In this case the Plaintiff, RUBEN ORTIZ, claims that Police Officer AQUILES CARMONA, while acting "under color" of state law, intentionally deprived him of his rights under the Constitution of the United States.

Specifically, the Plaintiff, RUBEN ORTIZ, claims that while Police Officer AQUILES CARMONA was acting under color of authority of the State of Florida as a member of the Police Department of the City of Miami he intentionally violated his constitutional right to be free from the use of excessive force or unreasonable force against him during his arrest.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to the use of excessive or unreasonable force during arrest.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

> *First:*    That Police Officer AQUILES CARMONA, intentionally committed acts that violated Plaintiff's federal constitutional right not to be subjected to excessive force during arrest;
>
> *Second:*   That in so doing Police Officer AQUILES CARMONA, acted "under color" of the authority of the State of Florida; and
>
> *Third:*    That the acts of Police Officer AQUILES CARMONA, were the proximate or legal cause of damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

In this case, the parties have stipulated or agreed that Police Officer AQUILES CARMONA, acted "under color" of state law and you should, therefore, accept that fact as proven.

The claim of the Plaintiff, RUBEN ORTIZ, is his contention that excessive force was used by Police Officer AQUILES CARMONA, in effecting his arrest.  In

that regard, as previously mentioned, every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with law.  On the other hand, in making a lawful arrest, an officer has the right to use such force as is necessary under the circumstances to complete the arrest. Whether a specific use of force is excessive or unreasonable turns on factors such as the severity of the crime, whether the suspect poses an immediate threat, and whether the suspect is resisting or fleeing.  You must decide whether the force used in making an arrest was excessive or unreasonable on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances disclosed in this case.

If you should find for the Plaintiff and against Police Officer AQUILES CARMONA, you must then decide the issue of Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damage would not have occurred.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Federal Claims Instruction No. 2.2 (2000).

Court's Instruction No. ___

### 1.4

### INTRODUCTION TO DAMAGES

### (Personal Injury)

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury---tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Damages Instructions No. 1.4 (1990); and Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Civil Rights Instructions No. 2.2 (1999).

Court's Instruction No. ____

## 2.1

## PERSONAL INJURY AND PROPERTY DAMAGE CASES

### (Bodily Injury, Pain and Suffering, Disability, Disfigurement, Loss of Capacity for the Enjoyment of Life)

Any bodily injury sustained by the Plaintiff and any resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Damages Instructions No. 2.1 (1990)(modified).

Court's Instruction No. \_\_\_

2.3

## PERSONAL INJURY AND PROPERTY
## DAMAGE CASES

### (Medical Expenses)

The reasonable value or expense of medical care and treatment necessarily or reasonably obtained by the Plaintiff in the past or to be so obtained in the future.

---

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Damages Instructions No. 2.3 (1990).

Court's Instruction No. ____

7.1

DUTY TO DELIBERATE
When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges --- judges of the facts. Your only interest is to seek truth from the evidence in the case.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instructions No. 7.1 (2000).

Court's Instruction No. \_\_\_

8

## ELECTION OF FOREPERSON
## EXPLANATION OF VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.   I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Damages Instructions No. 8 (2000).